William R. Richardson (009278)
**RICHARDSON & RICHARDSON, P.C.**

1745 South Alma School Road
Corporate Center • Suite 100
Mesa, Arizona 85210-3010

Tel.    (480) 464-0600
Fax.    (480) 464-0602
Email.   wrichlaw@aol.com
Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| **ANGELO ANTHONY ROMANO and SHARON MARIE ROMANO,** | 2:09-bk-23446-CGC **COMBINED**[1] **DISCLOSURE STATEMENT and PLAN OF REORGANIZATION DATED February 19, 2010** |
| Debtors. | |

## DISCLAIMER

The Court's approval of this Disclosure Statement only constitutes the Court's determination that this document contains "adequate information" under the terms of 11 U.S.C. §1125. Approval of this Disclosure Statement does not constitute an endorsement of the plan on the part of the Court nor does it constitute a certification or imprimatur in any way of (1) the likelihood of success of any plan proposed or (2) of the accuracy of any information provided in the Disclosure Statement. The Court has not  performed any independent analysis or investigation of the contents of the Plan or Disclosure Statement and thus does not warrant the accuracy of either.  Care should be taken by anyone considering the contents of the accompanying Plan or this Disclosure Statement to

---

[1]    The Debtors request leave to submit their plan and disclosure statement as a combined document as is allowed under new 11 U.S.C. §1125(f).

1 independently analyze the contentions and information asserted in the Plan and Disclosure

2 Statement.

3     Angelo Anthony Romano and Sharon Marie Romano (the "Debtors"), the Debtors

4 in the above-captioned proceeding, hereby submit the following disclosure statement to

5 their creditors.

6     **A. <u>General Information</u>**

7     Angelo Anthony Romano and Sharon Marie Romano, the Debtors in the above-

8 captioned Chapter 11 case, submit this disclosure statement to their creditors and other

9 parties in interest pursuant to Section 1125 of the Bankruptcy Code in connection with its

10 plan of reorganization dated February 19, 2010 (the "plan"). The plan is included herewith

11 and is incorporated herein by reference.

12     Each creditor or party-in-interest should carefully review the plan and disclosure

13 statement in its entirety to determine the full and precise content of any specific term or

14 provision. The contents of this disclosure statement should not be construed as legal,

15 business or tax advice. Each creditor should consult his or her own attorney, investment

16 advisor, business advisor and tax advisor concerning the legal, business, tax and related

17 aspects and ramifications of the plan. The information contained herein has not been

18 subject to an audit by a certified public accountant and, for the foregoing reason, Debtors

19 are unable to warrant or represent that the information contained herein is without any

20 inaccuracy. The information and representations contained in this disclosure statement and

21 plan have been prepared from information provided by the Debtors. Accordingly, Counsel

22 for the Debtors specifically disavow any responsibility for any inaccuracies contained

23 herein. Neither the attorney for the Debtors nor the Debtors performed any independent

24 analysis or investigation of such information and thus do not warrant its accuracy.

25     **B. <u>Approval of Disclosure Statement and Voting</u>.**

26     Typically, disclosure statements are distributed to assist creditors and interest

27 holders in making an informed decision in accepting or rejecting a plan of reorganization.

28 Pursuant to 11 U.S.C. § 1126(f), a class of claims not impaired under a plan of

1 reorganization is conclusively presumed to have accepted the plan and solicitation of

2 acceptance with respect to such class is not required. The holders of impaired claims are

3 entitled to vote in their respective classes.

4      This disclosure statement is designed and intended to supply the holders of

5 impaired claims or interest against the Debtors with "adequate information" from which

6 they may make an informed judgment as to whether to vote for or against the plan. This

7 disclosure statement cannot be used for soliciting votes until, after notice and hearing, the

8 Court determines that the disclosure statement contains "adequate information" within the

9 meaning of 11 U.S.C. § 1125.

10      Once the Court determines that the disclosure statement contains adequate

11 information, the Court will enter an "Order Approving the Disclosure Statement and

12 Setting Confirmation Hearing and Deadline for Voting on Plan." Pursuant to this order,

13 each creditor holding an allowed claim in an impaired class will receive a ballot for

14 purposes of voting on the plan as set forth in the Disclosure Statement. Each creditor

15 holding an impaired claim, after considering the plan and disclosure statement may

16 complete the ballot and return it to the following address:

17
               Richardson & Richardson, P.C.
               1745 S. Alma School Road

18
               Suite 100
               Mesa AZ  85210-3010

19

20 **C. <u>Representations Concerning the Plan.</u>**

21      No representation concerning the Debtors is authorized other than those set forth in

22 this disclosure statement. Any representation made to secure your acceptance other than

23 those contained in this disclosure statement should not be relied upon by you in arriving

24 at your decision, and such additional representations and inducements should be reported

25 to Counsel for the Debtors who shall deliver such information to the court and or the U. S.

26 Trustee to take such actions as may be deemed appropriate.

27 . . .

28 . . .

. . .

**D. <u>Definitions.</u>**

When used in this disclosure statement or plan the following terms have the following meanings. To the extent that terms are not defined below, they shall have the same meaning as in the Bankruptcy Code or Bankruptcy Rules.

"Administrative Expense Claim" shall mean any claim entitled to priority in payment under Section 503(b) of the Code and any and all fees due to the United States Trustee.

"Allowed claim" or "allowed interest" means a claim against, or equity security interest (or beneficial interest), in the Debtors to the extent that: (a) a proof of such claim or interest was (i) timely filed; or (ii) deemed filed pursuant to § 1111(a) of the code; and (b)(i) which is not objected to, or (ii) which is allowed (and only to the extent allowed) by a final order of the Bankruptcy Court.

"Bankruptcy Code" or "Code" means the Bankruptcy Code as set forth in Title 11 of the United States Code as amended.

"Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the District of Arizona.

"Bankruptcy Rules" means the rules of bankruptcy procedure as adopted by the Supreme Court of the United States on April 25, 1983 and effective August 1, 1983, and as subsequently amended.

"Claim" means a right to payment from the Debtors whether the amount is fixed, contingent, unmatured, secured or unsecured. Such terms shall include all other rights to payment as encompassed in § 101(4) of the Bankruptcy Code.

"Class ____ creditor" means the holder of a claim in the designated class (i.e., class 1 creditor would mean the holder of a class 1 claim).

"Confirmation of the plan" shall mean the entry of an order by the bankruptcy court confirming the plan or reorganization in accordance with § 1129 of the Bankruptcy Code.

"Consummation of the plan" means the accomplishment of all things required or provided for under the terms of the plan.

"Court" means the United States Bankruptcy Court for the District of Arizona.

"Creditors" means all persons having claims, causes of action, suits, demands, actions or judgments of any nature whatsoever, against the Debtors, whether liquidated, unliquidated, contingent or disputed arising at any time prior to the confirmation of the plan, and includes all persons who claim a lien, encumbrance, security interest or the like against property of the Debtors.

"Debtors" means Angelo Anthony Romano and Sharon Marie Romano, the petitioners in the above-captioned bankruptcy case.

"Disclosure Statement" means this disclosure statement filed in this case approved, after notice and a hearing by the Court, as being in conformity with §§ 1125 and 1145 of the Bankruptcy Code.

"Effective Date" means the latter of (1) the first business day following twenty days after entry of the order of the court confirming the plan or (2) twenty days subsequent to the entry of a final order of a court of competent jurisdiction vacating or nullifying any order staying the efficacy of the order of confirmation, provided, however, that in any event, all appeals shall have been resolved prior to there being any effective date.

"Final Order" means an order of the court, the time for appeal from which has expired and from which no appeal was timely filed; or from which any appeal has been finally determined or dismissed, and the effectiveness of which has not been stayed.

"Petition" means the original chapter 11 petition filed by the Debtor on September 22, 2009

"Plan" shall mean the plan of reorganization accompanying this disclosure statement as it may be amended, modified, and/or supplemented pursuant to which the Debtors proposes payment to claims of creditors and equity security holders.

"Plan Assets" are all assets of the bankruptcy estate in which equity in excess of any allowed exemption or secured claim is available for distribution to creditors.

"Plan Proponent" shall mean the Debtors whose names appear at the end of this document.

"Secured Creditor" means creditors holding claims against the estate which are secured by a lien on property of the estate limited, however, by the operation of § 506(a) of the Bankruptcy Code. Thus, if the amount of a creditor's allowed claim (plus the amount of all allowed senior secured claims) exceeds the value of the collateral, the creditor will be deemed to be an unsecured creditor to the extent of any insecurity, and a secured creditor to the extent of the value of the collateral.

"Unsecured Creditor" means all creditors of the estate with the exception of (1) priority or administrative creditors and (2) the allowed secured claims of secured creditors as defined herein.

E.  **History of the Debtors**

The Debtors are the owners of 60% of Romano and Son Trucking, Inc. ("RST"). RST is engaged in the business of hauling for hire through the use of large "semi" trucks. RST is the source of the Debtor's income and will be the source of the payments to be made under the terms of the Plan.

Beginning with the rapid increases in the cost of gasoline in approximately 2007, RST faced great difficulties in profitably in conducting its operations. Fuel costs rose approximately $1,000,000.00 in that year alone and have not returned to pre 2007 levels. The company has survived only through the resourcefulness, initiative and energy of Angelo Romano with the faithful assistance of his wife. Because of the scarcity of trucking work that would be profitable enough to sustain the trucking operation, Mr. Romano began fabricating gasoline tanks. The tanks are personally

fabricated by Mr. Romano and have generated income (along with the trucking income) through which RST and the debtors have survived.  With the increase in the cost of fuel, many companies and individuals have attempted to hedge against spiraling and irregular fuel prices by buying in bulk or by buying at prices more reflective of wholesale prices and thereafter storing their own fuel.

In approximately September of 2006, the Debtors sought financing for purposes of paying off two loans on two parcels of property.  The parcels at issue are located at 2950 and 2990 W. 4th Avenue in Apache Junction, Arizona (the "West Parcels"). The West Parcels were originally separately owned and were purchased with carry back financing from the original owners. One of the originals owners later died (Jim Haines) and the family wanted to be paid off.  The Haines parcel was purchased in 2006 for $120,000.00 and Mr. Haines took a carry back note of $100,000 at 0% interest for 1 year. The Debtors purchased the other parcel from a Mr. Lawrence for $275,000.00 with a down payment of $100,000 and a carry back note of $175,000.00 at 5% interest for 15 years (with no interest for the first year of the loan).

For purposes of obtaining new financing for the West Parcels, the Debtors hired Tom Beyer the principal of First Federal Mortgage. A brokerage agreement was signed in the fall of 2006 for this purpose. The Debtors paid an initial fee of approximately $3,000 for Mr. Beyer's services.  After a certain period of time, Mr. Beyer informed the Debtors that he could not obtain bank financing for the West Parcels and that he would  have to pursue other avenues of financing.  Ultimately,  Mr. Beyer told the Debtors that he had obtained the requisite financing through West 4th Avenue Properties, LLC ("4th Ave").  Mr. Beyer informed the Debtors that he thought the Debtors were such nice people that a new limited liability company would be formed for purposes of funding the loan. None of the loan documents identifies Tom Beyer as  a principal of 4th Ave.   It appears from the Statement of breach or Non-Performance that was issued in this case, that Tom Beyer is the managing director of 4th Ave. This information  was  necessary  for  purposes  of  determining  the  bona  fides  of  the

transaction. Moreover, the Debtors subsequently discovered that Mr. Beyer received a $20,000.00 fee in connection with a loan between 4th Ave. and the Debtors. The Debtors were unaware of this extreme conflict of interest and furthermore, were not aware of the $20,000.00 fee that Mr. Beyer received as the an Arizona licensed mortgage broker in connection with the transaction.

In connection with the financing, the Debtors signed a note dated March 19, 2007 in the amount of $500,000 which was secured by the West Parcels under a deed of trust recorded March 20, 2007 in the office Pinal County Recorder's office as document no. 2007-033962. The note was an interest only loan and was to bear interest at the rate of 12.5%. Prior to signing the loan document presented to them, the Debtors met at the offices of Security Title for what was supposed to be the closing of the loan. The meeting occurred on Friday, March 16, 2007. Mr. Beyer's attorney was present and Mr. Beyer was present by telephone. The Debtors were uncomfortable with the short term nature of the loan as the term was only for two years. The Debtors wanted to make sure that measures were in place to assure that Mr. Beyer would have available long term financing after the due date of the 4th Ave. loan. Mr. Beyer assured the Romanos, as his client, that he would procure a "bank loan" for them *before* the 4th Ave. loan became due and that the 4th Ave. loan was simply a stop gap measure to take out the existing loans on the property as requested by at least Mr. Haines' family. Indeed, the Romanos specifically inquired as to what would happen if a bank loan could not be found in sufficient time and Mr. Beyer indicated that the loan would be extended so that the necessary long term financing could be obtained. The Romanos indicated that they needed assurance that the loan documents would be modified and thereafter walked out of the closing. Mr. Beyer's promised that the loan documents would be modified to correct this and other deficiencies. The following Monday, the Romanos reappeared at the Security Title offices after Mr. Beyer assured the Romanos that the changes that the Romanos had requested, had actually been made to the subject documents. Based on that representation the Romanos signed the loan

documents. Thereafter, the Romanos made all of the payments required under the note except for the payoff which was the last payment nominally due under the terms of the note. At that time, the Romanos asked that the note be extended until Mr. Beyer could obtain the promised bank loan. An agreement to extend the loan was made and the Romanos paid the initial payment of $2,500.00 as required per the agreement. In violation of the agreement reached between the parties, Mr. Beyer reneged on the agreement to extend the note. This occurred by letter dated March 31, 2009, from attorney Jeffrey S. Pitcher. I his letter, Mr. Pitcher made demand to pay the entire obligation not withstanding the prior oral agreement to extend the note. The culmination was the recording of a notice of trustee's sale on or about June 19, 2009, which set a sale date of September 22, 2009.

### F. **Bankruptcy Filing**

On September 22, 2009, Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The filing was caused as a result of a trustee's sale that 4th Ave. recorded against the West Parcel.

### G. **The funding of the Plan of Reorganization**

The plan of reorganization will be funded through the combined earnings of RST and the debtors. Attached hereto as Exhibit A, is an encapsulation of the earnings of RST that demonstrate an ability to fund the plan.[2] As reflected on page 3 of that document, the business is in a recovery Phase. The business generated over $90,000 for 2009. These sums can be used to satisfy the amounts payable under the plan. The Debtor believes that the amounts earned for 2009 are representative of amounts that

---

[2]

In order to comply with the requirements of 11 U.S.C. §1129(115)(B) the debtors commit to pay all of their net disposable income to the plan for at least five years beginning as of the Effective Date. Of course, it is anticipated that the Debtors will have no net disposable income during this time period because income generated from RST will be utilized to fund the plan and there will be no excess income from operations over and above what is due to minority shareholders.

File No. 8140.01

will be earned into the future taking into account the slow, if not static, state of the economic recovery.

In addition to the funds generated from RST, substantially contemporaneous with this Disclosure and Plan, the Debtors will file either an adversary proceeding or civil suit to recover against Tom Breyer, his spouse (as may be necessary to reach assets under Arizona law), 4th Ave. and First Federal Mortgage. Any funds recovered net of costs and fees, will be utilized to pay plan payments in order of priority except that any recovery from the suit will be set off against the obligation to 4th Ave. after payment of administrative priority creditors.

**G**. **Classification and Treatment of Claims**

The classification and treatment of claims is set forth below in the Plan.

**I**. **Miscellaneous Disclosures**

Tax Consequences. The plan may have an impact on the tax liability of the creditors, parties in interest and the Debtors. As to the Debtors, the tax effect is likely to the ability to apply long term capital losses to future tax liability.

Stay of Enforcement Proceedings. Pursuant to 11 U.S.C. § 362(a), all acts by creditors to collect claims which arose prior to the filing date have been stayed. Upon confirmation of the plan, the claims of creditors of the Debtors will be discharged except to the extent of payment under the plan.

Liquidation Analysis. Section 1129 of the bankruptcy code requires that each dissenting class of claims or interests receive or retain as much on such claim as a creditor would receive under a Chapter 7 liquidation proceeding.

As of the latest reports available from the Debtors, the Debtors had the following sources of assets from which to pay creditors upon liquidation:

**SOURCE OF FUNDS**:

| | |
|---|---|
| 60% interest in RST[3] | 0.00 |
| Non exempt assets net of liens | 0.00 |
| Equity in real property (Dumbler equity less 10% cost of sale) | 31,000.00 |
| Borba Judgment (maximum) | 1,076.21 |
| **Total Sources of Funds**: | $31,076.00 |

**USE OF FUNDS:**

**Payments to Priority Creditors:**

| | |
|---|---|
| Richardson & Richardson, P.C. (Current est.) | 8,000.00 |
| Secured Creditors[4] | 0.00 |
| Taxes | 12,181.00 |
| **Total Expenses** | $20,181.00 |
| Amount available for Secured Creditors | $10,895.00 |

The debtor has secured claims which greatly exceed the foregoing amount. The Debtors believe that there would be no payment to unsecured creditors if the case were to be liquidated.

If there is substantial opposition to the plan or the disclosure statement, it is expected that administrative expenses (including attorneys' fees) will rise significantly.

<u>Risk Factors</u>.

---

[3] The value listed is zero because the business depends on the continued efforts of Angelo Romano. Mr. Romano has the business connections and the know how to fabricate tanks that are generating income for RST. Mr. Romano's services and know how would not be available to a chapter 7 trustee and therefore would have no value to the estate. Mr. Romano's parents are effectively silent partners and do not provide much in the way of labor to the company.

[4] None of the Debtor's properties has any apparent equity except for the Dumbler claim. Any amount over that amount would be payable to taxes and administrative expenses because the cost of disposition (10%) would exhaust any other funds.

In this case, the ability to generate funds with which to pay creditors is largely dependent on RST's and the Debtors' ability to continue to generate revenue. The major risk, if there is any, would be a refusal on the part of creditors to approve the plan.

<u>Feasibility of Plan / Projections</u>

The feasibility of the plan depends on the Debtor's projection of available income from the operation of RST. The Debtors' parents, although 40% shareholders of RST, have committed to allow the Debtors to utilize the net profits from RST to fund the plan to the extent necessary. Attached hereto as Exhibit "A", is RST's comparative income statement for 2008 and 2009. As reflected therein, RST has managed to survive despite a drastic increase in fuel costs. Projections are that through the course of the plan, at least $90,000 per year will be available for payment of all payments required by the plan.

<u>Objection to Claims</u>

The Debtors reserve the right to object to any claim regardless of whether the claim: (1) is listed in the Debtors' schedules as disputed or undisputed, (2) has been filed in this case, (3) has not been filed in this case and/or (4) that has been paid without authorization of the Court.

<u>Proponent's Recommendation</u>.

Plan proponent urges acceptance of this plan by all holders of claims and interests. All claimants will be paid in full to the extent of the plan assets and this plan provides a speedy and efficient way of resolving this matter without the continued multiplication of administrative costs and expenses.

**The Plan of Reorganization**

The following is the plan of reorganization that is being submitted by the Debtors. It reflects the treatment of the allowed claims and interests under the plan. All claims against the Debtors, as defined herein and in Section 101(4) of the Bankruptcy Code, of whatever nature, whether or not scheduled, liquidated, or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts and all classes of interest in the Debtors, shall be bound by the

provisions of the plan. The debtors commit to pay all of their net disposable income to the plan for at least five years beginning as of the Effective Date and will pay such other sums as are necessary from the funds generated from RST. The definitions set forth above shall apply to the terms of the plan as set forth below. For purposes of payment of claims under the plan, claims are divided into the following classes:

**1. <u>Classification of Claims</u>**

The classification of claims and interest under the plan are as follows:

**<u>CLASS 1</u>**

Class 1 shall consist of all claims for administrative expenses allowed pursuant to § § 503 and 330 of the Code and claims entitled to priority in accordance with §507(a)( 1), through (6). The Debtors believe that the claim of Richardson & Richardson, P.C. will be the only claim in this class. In this class there are no known §§ 507(a)(2), 507(a)(3), 507(a)(4), 507(a)(5) and 507(a)(6).

**<u>CLASS 2</u>**

Class 2 shall consist of the secured claims of all creditors and taxing authorities having an allowed secured claims against the Real Property or Personal Property of the Debtors. To the extent the County has a lien for taxes on any real or personal property of the Debtors, they will be paid when due under non-bankruptcy law.

**<u>CLASS 3</u>**

This class shall consist of all claims entitled to priority under 11 U.S.C. § 507(a)(8). The Debtors believe that the IRS is the only creditor possessing a class 3 claim. The IRS claim is for highway use taxes which will be objected to.

**<u>CLASS 4</u>**

Class 4 shall consist of the allowed secured claims against the estate to the extent that claim is allowed as a secured claim. Excluded from this class are creditors whose claims are identified in class 5.

**<u>CLASS 4</u>A**

Class 4A shall consist of the secured claim of 4th Ave. to the extent it is allowed as a secured claim.

**CLASS 4**B

Class 4B shall consist of the secured claim of Fred and Naomi Dumler the extent it is allowed as a secured claim.

**CLASS 4**C

Class 4C shall consist of the secured claim of Ford Motor Credit to the extent it is allowed as a secured claim.

**CLASS 4**D

Class 4D shall consist of the secured claim of GMAC to the extent it is allowed as a secured claim.

**CLASS 4**E

Class 4E shall consist of the secured claim of Mercedes Benz to the extent it is allowed as a secured claim.

**CLASS 4**F

Class 4F shall consist of the secured claim of Mountain Park HOA to the extent it is allowed as a secured claim.

**CLASS 4**G

Class 4A shall consist of the secured claims of Litton Loan Servicing to the extent they are allowed as a secured claim.

**CLASS 5**

Class 5 shall consist of allowed general unsecured and under secured claims (to the extent of insecurity) against the estate. Excluded from this class are creditors whose claims are identified in class 6.

**CLASS 6**

Class 6 shall consist of allowed general unsecured claims against the estate not exceeding $2,000.00 or those members of class 5 who voluntarily reduced their claims to $1,000.00.

2. **Treatment of Claims**

**Class 1**:      The holders of class 1 (administrative claims) claims, as allowed by the court, shall be paid in full on the effective date or at such later date as such administrative creditors may agree. The administrative claims of this class, shall be payable upon an order approving payment in the ordinary course but in no event later than the effective date. Applications for payment of this class may be made and allowed at any time. This class is unimpaired.

**Class 2**:      The holders of  class 2 claims shall be paid the allowed amount of their secured claims the earlier of the date such claims become due in the ordinary course or within 150 days after the effective date of the plan. Such Claimants shall retain their liens and be deemed unimpaired.

**Class 3**:      The holders of class 3 claims (administrative priority tax claims) shall be paid on account of their claims, the principal amount of their allowed claims together with interest at the statutory rate beginning on the effective date in equal monthly installments over sixty (60) months.

**Class 4**:      Holders of class 4 claims will retain their security interest in any of their identifiable collateral to the extent of the value thereof as of the date of the petition. The holders of all Class 4 claims (A through G) will be paid in monthly installments of principal and interest at the rate and over the term specified below for each creditor but only to  the extent of the value of the security interest in the debtor's property if any. Maturity dates will be as specified for each creditor. Except as modified by the Plan, the loan documents between the Debtors and each individual Class 4 Creditor shall be as set forth in the applicable loan document.  No deficiency claims may be brought against the Debtors under any circumstances and interest and late payments in the future shall be adjusted to reflect the new principal balances as set forth herein.

Any Class 4 creditor who is entitled to, and elects to have it claim treated under 11 U.S.C. §1111(b) shall have the maturity extended to the date necessary to assure that the sum of all payments equal the amount of the claim after election.

Upon payment of class 4 claims according to the Plan, the particular creditor shall release any lien or judgment that secures payment under state law.

**Class 4A**:

**4th Ave**.:    The debtor believes that this claim is invalid and subject to challenge and will be challenged in the context of an adversary proceeding or civil suit to determine the validity and amount of this claim and any security therefor. In the event the adversary proceeding is not resolved before the confirmation of the plan, the amount to be paid to this creditor shall be sequestered in an interest bearing account and subject to disposition by order of the Court.

Interest Rate: 6% simple

Amortization period: 360 months

Amount of allowed secured claim to be amortized: $400,000.00

Maturity date: 5 years from the effective date.

**Class 4B**:

Fred and Naomi Dumler:

Interest Rate: 6%

Amortization period: 360

Amount of allowed secured claim to be amortized: 185,000.00

Maturity date: 13 years from the effective date

**Class 4C**:

Ford Motor Credit:

Interest Rate: 6%

Amortization period: 60 months

Amount of allowed secured claim to be amortized:10,800.00

Maturity date: 60 months from the effective date

**Class 4D**:

GMAC:

Interest Rate: 6%

Amortization period: 60 months

Amount of allowed secured claim to be amortized: 7000.00

Maturity date: 60 months from the effective date

**Class 4E**:

Mercedes Benz:

Interest Rate: 6%

Amortization period: 72 months

Amount of allowed secured claim to be amortized: 40,000.00

Maturity date: 72 months from the effective date

**Class 4F**:

Mountain Park HOA:

Interest Rate: 0%

Amortization period: 12 months

Amount of allowed secured claim to be amortized: 1,200.00

Maturity date: 12 months from the effective date

**Class 4G**:

Litton (1st and 2nd Deed of Trust):

Interest Rate: 5.5%

Amortization period: 480 months

Amount of allowed secured claim to be amortized: $400,000.00

Maturity date: 480 months from the effective date.

No payments will be made on account of the second deed of trust and this lien will be released upon confirmation. The loan which would otherwise have been secured by the subject second deed of trust shall be treated as wholly unsecured. Regardless of the amount specified as secured for this creditor, the following shall apply:

    - if the collateral is sold within one year from the effective date, the creditor will receive 90% of any equity in excess of the costs of sale with the balance being payable to the Debtors.

- if the collateral is sold within two years from the effective date, the creditor will receive 70% of any equity in excess of the costs of sale with the balance being payable to the Debtors.

if the collateral is sold within three years from the effective date, the creditor will receive 50% of any equity in excess of the costs of sale with the balance being payable to the Debtors.

if the collateral is sold within four years from the effective date, the creditor will receive 30% of any equity in excess of the costs of sale with the balance being payable to the Debtors.

if the collateral is sold within five years from the effective date, the creditor will receive 10% of any equity in excess of the costs of sale with the balance being payable to the Debtors.

**Class 5**:      The holders of class 5 claims shall receive on account of their allowed claims, payments in equal monthly installments of 50% of their claims without interest over a period of sixty (120) months.

**Class 6**:      Holders of class 6 claims shall be paid 60% of their claims without interest in three (6) monthly installments beginning sixty (60) days after the effective date without interest.

**J.    Implementation of the Plan**

a.      Upon the effective date of the plan, title to the assets of the estate shall vest in the Debtors. The Debtors shall immediately take all steps necessary to implement the plan terms in accordance with the order of the Court or in accordance with the law generally. That may include, but is not limited to, executing such documents or agreements as are necessary to effectuate the plan.

b.      Upon the effective date of the plan, the Debtors shall have all the right, power and authority to operate the business of the debtor according to the business judgment of the management of the Debtor. The Debtors' exercise of discretion operating the Debtor shall not be disturbed or subject to challenge except for gross negligence or

willful waste of the assets of the Debtor. The Debtors shall possess the unfettered right and

authority to object to any claim, or compromise any claims against the Debtors whatsoever

despite any treatment that may otherwise be afforded according to the terms of the plan.


**DATED** this ___19th__ day of February, 2010

**RICHARDSON & RICHARDSON, P.C.**


By__ _/s/ WRR 009278_____
     William R. Richardson
     1745 South Alma School Road
     Corporate Center • Suite 100
     Mesa, Arizona 85210-3010
     Attorneys for Debtor

**ORIGINAL** of the foregoing electronically
filed this ___19th____ day of February, 2010
and a **COPY** mailed this same date to:

United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

By____ _/s/ajc_____
F:\DOC\DOC L-Z\R\Romano\Pleadings\Ch 11 Plan\DST.wpd

# Romano and Son Trucking/Materials Inc.

## Profit & Loss Prev Year Comparison

### January through December 2009

| | Jan 09 | Jan 08 | Feb 09 | Feb 08 | Mar 09 | Mar 08 | Apr 09 |
|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | |
| **Income** | | | | | | | |
| Fuel Tanks | 300.00 | 0.00 | 1,997.50 | 0.00 | 1,425.00 | 0.00 | 2,565.00 |
| Reimbursed Expenses | 0.00 | 0.00 | 0.00 | 94.45 | 50.00 | 0.00 | 50.00 |
| Sales | 309.43 | 17,678.13 | 6,136.04 | 37,219.49 | 9,019.38 | 42,829.92 | 12,313.91 |
| Services | 81,119.90 | 122,390.41 | 55,510.48 | 107,347.88 | 36,488.73 | 240,572.88 | 44,248.56 |
| **Total Income** | 81,729.33 | 140,068.54 | 63,644.02 | 144,661.82 | 46,983.11 | 283,402.80 | 59,177.47 |
| **Expense** | | | | | | | |
| american general loan | 0.00 | 0.00 | 0.00 | 1,100.00 | 0.00 | 200.00 | 0.00 |
| **Automobile Expense** | | | | | | | |
| Angelo-F150 Black Truck | 0.00 | 850.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Benz-Sharon | 0.00 | 0.00 | 0.00 | 2,365.08 | 0.00 | 2,783.12 | 7,107.12 |
| Ford f-250 service truck | 0.00 | 0.00 | 700.00 | 300.00 | 0.00 | 1,346.14 | 0.00 |
| Insurance | 651.75 | 312.79 | 0.00 | 501.94 | 0.00 | 592.56 | 0.00 |
| Service Truck Payment | 250.00 | 0.00 | 10.00 | 795.32 | 0.00 | 0.00 | 0.00 |
| Automobile Expense - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Automobile Expense** | 901.75 | 1,162.79 | 710.00 | 3,962.34 | 0.00 | 4,721.82 | 7,107.12 |
| Bad Loan | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Bank Service Fee** | | | | | | | |
| NSF fee | 105.00 | 820.00 | 0.00 | 833.00 | 175.00 | 1,395.00 | 70.00 |
| Overdraft fee | 350.00 | 467.00 | 735.00 | 396.00 | 770.00 | 409.00 | 210.00 |
| Bank Service Fee - Other | 854.56 | 77.76 | 1,472.60 | 185.17 | 31.11 | 172.88 | 22.00 |
| **Total Bank Service Fee** | 1,309.56 | 1,364.76 | 2,207.60 | 1,414.17 | 976.11 | 1,976.88 | 302.00 |
| **Building Utilities** | | | | | | | |
| Cable | 0.00 | 813.14 | 236.66 | 0.00 | 0.00 | 500.00 | 269.39 |
| Electric | 0.00 | 600.00 | 395.70 | 0.00 | 375.00 | 391.34 | 162.95 |
| Phone Service | 0.00 | 0.00 | 148.40 | 0.00 | 500.00 | 0.00 | 844.02 |
| Security | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Water | 139.08 | 313.19 | 322.57 | 250.00 | 0.00 | 286.31 | 0.00 |
| **Total Building Utilities** | 139.08 | 1,726.33 | 1,103.33 | 250.00 | 875.00 | 1,177.65 | 1,276.36 |
| CAPIAL ONE | 350.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cash Discounts | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contributions | 0.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Countrywide Home Loans | 0.00 | 0.00 | 250.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| Court cost | 0.00 | 110.00 | 0.00 | 127.40 | 0.00 | 583.40 | 0.00 |
| Credit Card Service fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 111.58 | 163.03 |
| Donation | 123.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dues and Subscriptions | 132.19 | 132.19 | 132.19 | 0.00 | 0.00 | 147.19 | 132.19 |
| Employee Benefit | 0.00 | 0.00 | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| entertainment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.50 | 0.00 |
| Equipment Rental | 1,210.20 | 325.33 | 0.00 | 0.00 | 0.00 | 0.00 | 141.41 |
| Fuel | 3,402.16 | 0.00 | 0.00 | 561.34 | 0.00 | 33.57 | 0.00 |
| **Insurance** | | | | | | | |
| Health Ins. | 0.00 | 1,319.38 | 0.00 | 1,293.13 | 0.00 | 2,337.43 | 250.00 |
| Work Comp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 745.00 |
| **Total Insurance** | 0.00 | 1,319.38 | 0.00 | 1,293.13 | 0.00 | 2,337.43 | 995.00 |
| **Interest Expense** | | | | | | | |
| Mortgage | 0.00 | 6,780.44 | 11,968.94 | 6,780.50 | 0.00 | 5,593.19 | 8,491.81 |
| **Total Interest Expense** | 0.00 | 6,780.44 | 11,968.94 | 6,780.50 | 0.00 | 5,593.19 | 8,491.81 |
| Licenses and Permits | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Material | 359.25 | 13,158.58 | 812.40 | 500.00 | 372.16 | 21,559.14 | 2,578.28 |
| Meals and Entertainment | 409.21 | 335.53 | 957.07 | 40.08 | 448.50 | 55.73 | 412.25 |
| Miscellaneous | 19,070.34 | 0.00 | 11,200.30 | 1,200.00 | 1,136.86 | 0.00 | 865.00 |
| Office Supplies | 31.90 | 264.70 | 188.77 | -43.39 | 524.30 | 1,237.96 | 591.36 |
| **Payroll Expenses** | | | | | | | |
| Brooker | 0.00 | 3,035.94 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CHILD SUPPORT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50.85 | 0.00 |
| Subcontractor | 0.00 | -900.00 | 0.00 | 1,321.06 | 195.75 | 1,927.44 | 655.00 |
| Payroll Expenses - Other | 16,994.75 | 20,001.39 | 9,312.58 | 29,761.66 | 7,385.05 | 40,248.96 | 6,981.25 |
| **Total Payroll Expenses** | 16,994.75 | 22,137.33 | 9,312.58 | 31,082.72 | 7,580.80 | 42,227.25 | 7,636.25 |
| Postage and Delivery | 0.00 | 0.00 | 19.40 | 0.00 | 61.51 | 0.00 | 142.39 |
| **Professional Development** | | | | | | | |
| Advertisment | 0.00 | 0.00 | 247.40 | 0.00 | 0.00 | 8.00 | 0.00 |
| agency | 0.00 | 0.00 | 0.00 | 0.00 | 318.00 | 0.00 | 364.02 |
| **Total Professional Development** | 0.00 | 0.00 | 247.40 | 0.00 | 318.00 | 8.00 | 364.02 |
| **Professional Fees** | | | | | | | |
| Accounting | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Credit Monitoring | 0.00 | 0.00 | 31.95 | 0.00 | 31.95 | 29.90 | 1.00 |
| Legal Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Professional Fees** | 0.00 | 0.00 | 31.95 | 0.00 | 31.95 | 29.90 | 1.00 |
| Reconciliation Discrepancies | -4,460.87 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Rent | 87.21 | 0.00 | 87.21 | 0.00 | 87.21 | 0.00 | 87.21 |
| **Repairs** | | | | | | | |
| **Building Repairs** | | | | | | | |
| Improvements | 0.00 | 1,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance | 170.65 | 300.00 | 301.36 | 485.51 | 331.40 | 552.49 | 552.49 |
| Building Repairs - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 667.20 | 0.00 |
| **Total Building Repairs** | 170.65 | 1,300.00 | 301.36 | 485.51 | 331.40 | 667.20 | 552.49 |
| Janitorial Exp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55.00 | 0.00 |
| Repairs - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Repairs** | 170.65 | 1,300.00 | 301.36 | 485.51 | 331.40 | 722.20 | 552.49 |
| Scott Mothershed Loan | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Security | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Shipping | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 0.00 | 0.00 | 275.45 | 1,183.29 | 290.20 | 857.34 | 157.86 |
| Travel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -500.00 |
| **Trucks** | | | | | | | |
| Fuel | 12,127.00 | 31,074.08 | 2,668.40 | 41,378.35 | 9,478.99 | 53,075.88 | 10,538.07 |
| Insurance | 0.00 | 0.00 | 2,104.36 | 3,915.44 | 0.00 | 3,915.44 | 900.00 |
| Job Incidents | 3,500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,336.88 | 0.00 |
| Lease Payment | 3,662.23 | 26,967.60 | 12,366.41 | 24,245.94 | 15,334.32 | 42,190.11 | 7,255.90 |
| Maintenence | 0.00 | 0.00 | 155.84 | 1,384.10 | 202.50 | 0.00 | 0.00 |
| Parts and Supplies | 1,341.79 | 5,776.01 | 1,944.35 | 2,370.05 | 3,847.35 | 8,760.49 | 2,926.53 |
| Registration | 0.00 | 0.00 | 945.14 | 1,639.16 | 1,730.85 | 3,800.55 | 498.06 |
| Tires | 679.10 | 512.00 | 130.00 | 0.00 | 1,440.50 | 7,881.51 | 651.56 |
| Trucks - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Trucks** | 21,310.12 | 64,329.69 | 20,314.50 | 74,933.04 | 32,034.51 | 120,960.86 | 22,770.12 |
| Uniforms | 0.00 | 799.00 | 0.00 | 0.00 | 253.26 | 1,572.21 | 49.04 |
| **Total Expense** | 61,540.50 | 115,271.05 | 60,715.46 | 123,108.79 | 45,627.61 | 206,106.28 | 54,316.19 |
| **Net Ordinary Income** | 20,188.83 | 24,797.49 | 2,928.56 | 21,553.03 | 1,355.50 | 77,296.52 | 4,861.28 |
| **Other Income/Expense** | | | | | | | |
| **Other Income** | | | | | | | |
| Interest Income | 25.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 | 50.00 |
| Other Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Other Income** | 25.00 | 0.00 | 0.00 | 0.00 | 100.00 | 0.00 | 50.00 |
| **Other Expense** | | | | | | | |
| Other Expenses | 0.00 | 309.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Other Expense** | 0.00 | 309.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Net Other Income** | 25.00 | -309.58 | 0.00 | 0.00 | 100.00 | 0.00 | 50.00 |
| **Net Income** | 20,213.83 | 24,487.91 | 2,928.56 | 21,553.03 | 1,455.50 | 77,296.52 | 4,911.28 |

**Romano and Son Trucking/Materials Inc.**

**Profit & Loss Prev Year Comparison**

**January through December 2009**

| | Apr 08 | May 09 | May 08 | Jun 09 | Jun 08 | Jul 09 | Jul 08 |
|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | |
| **Income** | | | | | | | |
| Fuel Tanks | 0.00 | 1,136.05 | 0.00 | 2,295.00 | 0.00 | 1,319.00 | 0.00 |
| Reimbursed Expenses | 100.00 | 544.06 | 0.00 | 0.00 | 100.00 | 0.00 | 0.00 |
| Sales | 37,239.63 | 14,456.42 | 31,104.08 | 5,384.50 | 23,020.14 | 3,275.88 | 27,268.65 |
| Services | 109,395.47 | 85,236.08 | 125,846.80 | 60,165.08 | 112,967.03 | 63,636.56 | 136,320.74 |
| **Total Income** | 146,735.10 | 101,372.61 | 156,950.88 | 67,844.58 | 136,087.17 | 68,231.44 | 163,589.39 |
| **Expense** | | | | | | | |
| american general loan | 1,500.00 | 1,626.70 | 364.00 | 0.00 | 1,750.00 | 56.51 | 4,265.69 |
| **Automobile Expense** | | | | | | | |
| Angelo-F150 Black Truck | 870.00 | 0.00 | 862.50 | 0.00 | 870.00 | 0.00 | 870.00 |
| Benz-Sharon | 0.00 | 438.12 | 1,874.56 | 0.00 | 1,881.56 | 3,749.12 | 0.00 |
| Ford f-250 service truck | 0.00 | 1,350.00 | 0.00 | 0.00 | 5.00 | 0.00 | 905.00 |
| Insurance | 0.00 | 1,155.61 | 201.91 | 0.00 | 599.16 | 0.00 | 705.16 |
| Service Truck Payment | -15.00 | 1,600.00 | 800.00 | 10.00 | 900.00 | 0.00 | 900.00 |
| Automobile Expense - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Automobile Expense** | 855.00 | 4,543.73 | 3,738.97 | 10.00 | 4,255.72 | 3,749.12 | 3,380.16 |
| **Bad Loan** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Bank Service Fee** | | | | | | | |
| NSF fee | 1,587.00 | 140.00 | 297.00 | 385.00 | 175.00 | 665.00 | 315.00 |
| Overdraft fee | 245.00 | 315.00 | 210.00 | 805.00 | 1,085.00 | 315.00 | 525.00 |
| Bank Service Fee - Other | 151.15 | 24.00 | 218.02 | 38.69 | 23.03 | 177.03 | 12.00 |
| **Total Bank Service Fee** | 1,983.15 | 479.00 | 725.02 | 1,228.69 | 1,283.03 | 1,157.03 | 852.00 |
| **Building Utilities** | | | | | | | |
| Cable | 150.00 | 578.49 | 0.00 | 253.98 | 250.00 | 270.29 | 485.71 |
| Electric | 900.00 | 1,016.75 | 600.00 | 882.00 | 717.34 | 1,300.00 | 750.00 |
| Phone Service | 0.00 | 373.05 | 0.00 | 454.95 | 0.00 | 311.25 | 0.00 |
| Security | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Water | 0.00 | 148.45 | 644.94 | 322.46 | 0.00 | 276.21 | 390.00 |
| **Total Building Utilities** | 1,050.00 | 2,116.74 | 1,244.94 | 1,913.39 | 967.34 | 2,157.75 | 1,625.71 |
| CAPIAL ONE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cash Discounts | 0.00 | 0.00 | 18.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contributions | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Countrywide Home Loans | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Court cost | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 252.00 |
| Credit Card Service fees | 54.12 | 0.00 | 206.56 | 253.47 | 277.05 | 206.41 | 8.40 |
| Donation | 0.00 | 15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Dues and Subscriptions | 132.19 | 601.20 | 212.34 | 0.00 | 331.66 | 0.00 | 230.44 |
| Employee Benefit | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| entertainment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.00 |
| Equipment Rental | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 0.00 | 1,532.71 |
| Fuel | 0.00 | 20.00 | 0.00 | 1,021.32 | 0.00 | 2,845.00 | 0.00 |
| **Insurance** | | | | | | | |
| Health Ins. | -1,151.80 | 250.00 | 981.65 | 250.00 | 1,453.23 | 0.00 | 902.76 |
| Work Comp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,082.00 | 0.00 |
| **Total Insurance** | -1,151.80 | 250.00 | 981.65 | 250.00 | 1,453.23 | 1,082.00 | 902.76 |
| **Interest Expense** | | | | | | | |
| Mortgage | 7,305.70 | 0.00 | 18,508.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Interest Expense** | 7,305.70 | 0.00 | 18,508.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Licenses and Permits | 0.00 | 75.00 | 320.00 | 0.00 | 0.00 | 8.99 | 0.00 |
| Material | 14,243.20 | 1,168.43 | 5,634.42 | 5,901.54 | 5,200.00 | 9,334.10 | 9,519.75 |
| Meals and Entertainment | 222.46 | 763.35 | 104.65 | 70.88 | 921.18 | 36.35 | 871.52 |
| Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Supplies | 118.14 | 354.47 | 305.96 | 512.56 | 30.47 | 443.41 | 1,465.93 |
| **Payroll Expenses** | | | | | | | |
| Broker | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CHILD SUPPORT | 50.85 | 0.00 | 50.00 | 0.00 | 150.00 | 0.00 | 0.00 |
| Subcontractor | 0.00 | 1,398.40 | 295.00 | 608.00 | 999.00 | 797.50 | 10,256.00 |
| Payroll Expenses - Other | 34,673.16 | 28,158.65 | 41,370.90 | 11,361.00 | 24,840.26 | 8,623.75 | 25,602.62 |
| **Total Payroll Expenses** | 34,724.01 | 29,557.05 | 41,715.90 | 11,969.00 | 25,989.26 | 9,421.25 | 35,858.62 |
| Postage and Delivery | 0.00 | 0.00 | 0.00 | 30.79 | 0.00 | 37.38 | 0.00 |
| **Professional Development** | | | | | | | |
| Advertisement | 0.00 | 0.00 | 0.00 | 758.80 | 133.13 | 0.00 | 59.00 |
| agency | 0.00 | 393.71 | 0.00 | 1,501.00 | 0.00 | 1,232.92 | 0.00 |
| **Total Professional Development** | 0.00 | 393.71 | 0.00 | 2,259.80 | 133.13 | 1,232.92 | 59.00 |
| **Professional Fees** | | | | | | | |
| Accounting | 0.00 | 0.00 | 0.00 | 500.00 | 0.00 | 0.00 | 0.00 |
| Credit Monitoring | 11.95 | 1.00 | 11.95 | 1.00 | 11.95 | 1.00 | 11.95 |
| Legal Fees | 0.00 | 0.00 | 0.00 | 0.00 | 60.00 | 0.00 | 1,000.00 |
| **Total Professional Fees** | 11.95 | 1.00 | 11.95 | 501.00 | 71.95 | 1.00 | 1,011.95 |
| Reconciliation Discrepancies | 0.00 | 87.21 | 256.42 | 0.00 | 87.21 | 0.00 | 87.21 |
| **Rent** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Repairs** | | | | | | | |
| **Building Repairs** | | | | | | | |
| Improvements | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance | 1,480.59 | 410.68 | 490.60 | 1,967.55 | 3,291.46 | 464.48 | 225.00 |
| Building Repairs - Other | 0.00 | 0.00 | 0.00 | 782.00 | 0.00 | 0.00 | 0.00 |
| **Total Building Repairs** | 1,480.59 | 410.68 | 490.60 | 2,749.55 | 3,291.46 | 464.48 | 225.00 |
| Janitorial Exp | 0.00 | 0.00 | 0.00 | 0.00 | 65.00 | 0.00 | 0.00 |
| Repairs - Other | 0.00 | 0.00 | 500.00 | 660.00 | 0.00 | 115.62 | 0.00 |
| **Total Repairs** | 1,480.59 | 410.68 | 990.60 | 3,409.55 | 3,356.46 | 580.10 | 225.00 |
| Scott Mothershed Loan | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Security | 0.00 | 0.00 | 250.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Shipping | 0.00 | 451.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 0.00 | 260.30 | 1,260.94 | 283.28 | 815.80 | 389.28 | 1,049.71 |
| Travel | 0.00 | 0.00 | 0.00 | 1,217.96 | 0.00 | 758.40 | 0.00 |
| **Trucks** | | | | | | | |
| Fuel | 40,000.34 | 15,035.49 | 39,611.07 | 10,006.47 | 76,134.24 | 12,114.40 | 26,557.73 |
| Insurance | 0.00 | 767.42 | 6,767.40 | 5,000.67 | 4,008.31 | 767.42 | 4,209.15 |
| Job Incidents | 0.00 | 0.00 | 621.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lease Payment | 9,900.00 | 17,897.98 | 7,452.23 | 12,756.42 | 7,810.00 | 9,117.30 | 6,900.00 |
| Maintenance | 2,451.57 | 712.25 | 341.00 | 452.00 | 1,016.71 | 1,061.25 | 168.75 |
| Parts and Supplies | 3,792.99 | 4,741.53 | 1,980.79 | 5,608.72 | 3,697.64 | 3,312.13 | 4,610.56 |
| Registration | 0.00 | 4,342.69 | 315.00 | 300.00 | 3,892.55 | 1,612.50 | 367.03 |
| Tires | 212.00 | 4,632.08 | 506.44 | 1,539.03 | 4,954.80 | 1,618.71 | 5,267.76 |
| Trucks - Other | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | 0.00 | 0.00 |
| **Total Trucks** | 56,356.90 | 48,129.44 | 57,594.93 | 35,663.31 | 102,514.25 | 29,603.71 | 48,081.88 |
| Uniforms | 0.00 | 65.44 | 218.05 | 440.00 | 150.00 | 0.00 | 162.44 |
| **Total Expense** | 118,885.61 | 91,370.22 | 134,064.40 | 67,023.75 | 150,587.74 | 63,446.32 | 111,520.88 |
| **Net Ordinary Income** | 27,849.49 | 10,002.39 | 22,286.48 | 820.83 | -14,500.57 | 4,785.12 | 52,068.51 |
| **Other Income/Expense** | | | | | | | |
| **Other Income** | | | | | | | |
| Interest Income | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Income | 0.00 | 50.00 | 0.00 | 75.00 | 0.00 | 75.00 | 0.00 |
| **Total Other Income** | 0.00 | 50.00 | 0.00 | 75.00 | 0.00 | 75.00 | 0.00 |
| **Other Expense** | | | | | | | |
| Other Expenses | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Other Expense** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Net Other Income** | 0.00 | 50.00 | 0.00 | 75.00 | 0.00 | 75.00 | 0.00 |
| **Net Income** | 27,849.49 | 10,052.39 | 22,286.48 | 895.83 | -14,500.57 | 4,860.12 | 52,068.51 |

# Romano and Son Trucking/Materials Inc.

## Profit & Loss Prev Year Comparison

### January through December 2009

| | Aug 09 | Aug 08 | Sep 09 | Sep 08 | Oct 09 | Oct 08 | Nov 09 |
|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | |
| **Income** | | | | | | | |
| Fuel Tanks | 3,556.00 | 0.00 | 2,032.00 | 0.00 | 1,969.00 | 0.00 | 880.00 |
| Reimbursed Expenses | 0.00 | 200.00 | 0.00 | 10.00 | 0.00 | 50.00 | 0.00 |
| Sales | 4,132.50 | 14,176.64 | 7,747.23 | 15,961.37 | 4,752.50 | 11,557.71 | 1,307.87 |
| Services | 67,991.71 | 120,017.55 | 62,382.10 | 116,964.80 | 68,960.03 | 140,368.41 | 67,886.69 |
| **Total Income** | 75,680.21 | 134,394.19 | 72,161.33 | 132,936.17 | 75,681.53 | 151,976.12 | 70,074.56 |
| **Expense** | | | | | | | |
| american general loan | 700.00 | 250.00 | 1,202.78 | 996.00 | 0.00 | 250.00 | 0.00 |
| **Automobile Expense** | | | | | | | |
| Angelo-F150 Black Truck | 0.00 | 5,058.46 | 0.00 | 850.00 | 0.00 | 1,882.50 | 0.00 |
| Benz-Sharon | 0.00 | 5,673.68 | 0.00 | 3,749.12 | 0.00 | 1,500.00 | 0.00 |
| Ford-f250 service truck | 1,392.69 | 259.59 | 0.00 | 0.00 | 0.00 | 8,618.18 | 0.00 |
| Insurance | 395.74 | -313.05 | 0.00 | -7.00 | 0.00 | -620.00 | 0.00 |
| Service Truck Payment | 0.00 | 1,540.89 | 0.00 | 1,620.64 | 0.00 | 0.00 | 0.00 |
| Automobile Expense - Other | 0.00 | 0.00 | 0.00 | -1,543.16 | 0.00 | 0.00 | 0.00 |
| **Total Automobile Expense** | 1,788.43 | 12,219.57 | 0.00 | 4,669.60 | 0.00 | 11,380.68 | 0.00 |
| Bad Loan | | | | | | | |
| **Bank Service Fee** | | | | | | | |
| NSF fee | 665.00 | 175.00 | 525.00 | 390.00 | 1,330.00 | 560.00 | 105.00 |
| Overdraft fee | 665.00 | 805.00 | 735.00 | 875.00 | 0.00 | 948.00 | 0.00 |
| Bank Service Fee - Other | 39.18 | 156.08 | 40.81 | 4.60 | 55.11 | 58.19 | 0.00 |
| **Total Bank Service Fee** | 1,369.18 | 1,136.08 | 1,300.81 | 1,269.60 | 1,385.11 | 1,566.19 | 105.00 |
| **Building Utilities** | | | | | | | |
| Cable | 0.00 | 0.00 | 261.65 | 0.00 | 0.00 | 468.00 | 0.00 |
| Electric | 484.08 | 1,838.09 | 1,475.72 | 2,371.79 | 380.00 | 1,804.24 | 344.85 |
| Phone Service | 143.61 | 189.81 | 376.47 | 542.47 | 694.57 | 1,211.25 | 300.90 |
| Security | 0.00 | 406.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Water | 151.32 | 490.84 | 374.91 | 0.00 | 82.48 | 376.76 | 79.23 |
| **Total Building Utilities** | 779.01 | 2,925.00 | 2,488.75 | 2,914.26 | 1,157.05 | 3,860.25 | 724.98 |
| CAPIAL ONE | 0.00 | 0.00 | 57.76 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cash Discounts | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contributions | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Countrywide Home Loans | 0.00 | 0.00 | 0.00 | 0.00 | 1,890.74 | 0.00 | 0.00 |
| Court cost | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Credit Card Service fees | 204.84 | 0.00 | 495.78 | 0.00 | 85.85 | 0.00 | 674.02 |
| Donation | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50.00 | 0.00 |
| Dues and Subscriptions | 18.95 | 281.14 | 0.00 | 232.14 | 9.96 | 144.14 | 0.00 |
| Employee Benefit | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 74.39 |
| entertainment | 145.50 | 0.00 | 145.50 | 0.00 | 0.00 | 0.00 | 12.80 |
| Equipment Rental | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fuel | 12,655.19 | 0.00 | 12,091.20 | 0.00 | 4,533.58 | 0.00 | 3,977.82 |
| **Insurance** | | | | | | | |
| Health Ins. | 3,662.23 | 1,115.46 | 0.00 | 2,255.28 | 0.00 | -315.30 | 0.00 |
| Work Comp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Insurance** | 3,662.23 | 1,115.46 | 0.00 | 2,255.28 | 0.00 | -315.30 | 0.00 |
| **Interest Expense** | | | | | | | |
| Mortgage | 0.00 | 0.00 | 4,348.79 | 5,969.80 | 0.00 | 5,969.80 | 0.00 |
| **Total Interest Expense** | 0.00 | 0.00 | 4,348.79 | 5,969.80 | 0.00 | 5,969.80 | 0.00 |
| Licenses and Permits | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 131.00 |
| Material | 1,714.44 | 6,155.59 | 1,837.40 | 2,600.00 | 5,594.57 | 7,932.48 | 825.54 |
| Meals and Entertainment | 131.74 | 1,101.97 | 40.86 | 1,052.16 | 213.14 | 93.20 | 739.60 |
| Miscellaneous | 0.00 | 53,162.84 | 0.00 | 43,198.66 | 0.00 | 60,854.96 | 0.00 |
| Office Supplies | 887.83 | 644.21 | 498.99 | 612.78 | 463.04 | 60.34 | 138.33 |
| **Payroll Expenses** | | | | | | | |
| Broker | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| CHILD SUPPORT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Subcontractor | 1,044.50 | 0.00 | 1,307.50 | 0.00 | 445.10 | 0.00 | 4,664.31 |
| Payroll Expenses - Other | 1,100.00 | 32,438.50 | 6,014.00 | 24,963.99 | 8,060.00 | 33,397.19 | 0.00 |
| **Total Payroll Expenses** | 2,144.50 | 32,438.50 | 7,321.50 | 24,963.99 | 8,505.10 | 33,397.19 | 4,664.31 |
| Postage and Delivery | 65.40 | 0.00 | 0.00 | 191.05 | 0.00 | 191.25 | 0.00 |
| **Professional Development** | | | | | | | |
| Advertisment | 367.22 | 0.00 | 82.05 | 156.00 | 235.76 | 0.00 | 0.00 |
| agency | 3,057.23 | 0.00 | 1,602.00 | 0.00 | 1,631.00 | 0.00 | 6,954.00 |
| **Total Professional Development** | 3,424.45 | 0.00 | 1,684.05 | 156.00 | 1,866.76 | 0.00 | 6,954.00 |
| **Professional Fees** | | | | | | | |
| Accounting | 0.00 | 0.00 | 500.00 | 0.00 | 600.00 | 0.00 | 0.00 |
| Credit Monitoring | 0.00 | 0.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal Fees | 0.00 | 0.00 | 375.00 | 0.00 | 0.00 | 0.00 | 500.00 |
| **Total Professional Fees** | 0.00 | 0.00 | 876.00 | 0.00 | 600.00 | 0.00 | 500.00 |
| Reconciliation Discrepancies | 0.00 | 0.00 | 105.00 | 0.00 | 0.00 | 40.38 | 0.00 |
| Rent | 87.21 | 95.93 | 0.00 | 87.21 | 0.00 | 87.21 | 85.28 |
| **Repairs** | | | | | | | |
| **Building Repairs** | | | | | | | |
| Improvements | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Maintenance | 1,085.00 | 200.61 | 621.50 | 282.21 | 2,262.70 | 827.68 | 2,231.91 |
| Building Repairs - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Building Repairs** | 1,085.00 | 200.61 | 621.50 | 282.21 | 2,262.70 | 827.68 | 2,231.91 |
| Janitorial Exp | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Repairs - Other | 330.00 | 0.00 | 80.00 | 0.00 | 285.00 | 0.00 | 285.00 |
| **Total Repairs** | 1,415.00 | 200.61 | 701.50 | 282.21 | 2,547.70 | 827.68 | 2,516.91 |
| Scott Mothershed Loan | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Security | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Shipping | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Telephone | 264.56 | 386.08 | 660.38 | 370.00 | 162.37 | 211.08 | 0.00 |
| Travel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Trucks** | | | | | | | |
| Fuel | 7,228.78 | 22,216.70 | 12,865.48 | 16,911.72 | 5,726.01 | 12,365.57 | 7,341.48 |
| Insurance | 767.42 | 4,008.31 | 767.42 | 4,508.31 | 767.42 | 8,917.46 | 2,000.00 |
| Job Incidents | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Lease Payment | 1,607.00 | 74,104.86 | 11,040.30 | 7,316.03 | 14,536.97 | 12,907.61 | 11,762.23 |
| Maintenance | 838.00 | 0.00 | 845.00 | 0.00 | 1,406.60 | 0.00 | 1,664.75 |
| Parts and Supplies | 2,564.66 | 13,532.30 | 1,835.69 | 7,790.46 | 8,722.66 | 1,091.38 | 6,167.78 |
| Registration | 15,403.95 | 3,358.27 | 462.00 | 9,977.62 | 1,868.00 | 0.00 | 6,981.68 |
| Tires | 1,763.89 | 3,841.71 | 1,018.41 | 2,300.00 | 2,510.11 | 2,777.34 | 1,192.33 |
| Trucks - Other | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Trucks** | 30,173.70 | 121,062.15 | 28,834.30 | 48,804.14 | 35,537.77 | 38,059.36 | 37,110.25 |
| Uniforms | 0.00 | 101.97 | 185.00 | 166.24 | 103.95 | 0.00 | 0.00 |
| **Total Expense** | 61,632.16 | 233,289.10 | 64,858.56 | 140,791.12 | 64,784.28 | 164,620.51 | 59,234.23 |
| **Net Ordinary Income** | 14,048.05 | -98,894.91 | 7,302.77 | -7,854.95 | 10,897.25 | -12,644.39 | 10,840.33 |
| **Other Income/Expense** | | | | | | | |
| **Other Income** | | | | | | | |
| Interest Income | 75.00 | 0.00 | 75.00 | 0.00 | 50.00 | 13.91 | 0.00 |
| Other Income | 0.00 | 0.00 | 0.00 | 0.00 | 53.00 | 0.00 | 0.00 |
| **Total Other Income** | 75.00 | 0.00 | 75.00 | 0.00 | 103.00 | 13.91 | 0.00 |
| **Other Expense** | | | | | | | |
| Other Expenses | 235.00 | 0.00 | 105.00 | 0.00 | 3,623.00 | 175.00 | 0.00 |
| **Total Other Expense** | 235.00 | 0.00 | 105.00 | 0.00 | 3,623.00 | 175.00 | 0.00 |
| **Net Other Income** | -160.00 | 0.00 | -30.00 | 0.00 | -3,520.00 | -161.09 | 0.00 |
| **Net Income** | 13,888.05 | -98,894.91 | 7,272.77 | -7,854.95 | 7,377.25 | -12,805.48 | 10,840.33 |

# Romano and Son Trucking/Materials Inc.

## Profit & Loss Prev Year Comparison

### January through December 2009

| | Nov 08 | Dec 09 | Dec 08 | Jan - Dec 09 | Jan - Dec 08 |
|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | |
| **Income** | | | | | |
| Fuel Tanks | 0.00 | 2,344.00 | 0.00 | 21,818.55 | 0.00 |
| Reimbursed Expenses | 0.00 | 0.00 | 0.00 | 644.06 | 554.45 |
| Sales | 44,224.02 | 2,436.18 | 62,280.44 | 71,274.84 | 364,560.22 |
| Services | 89,874.88 | 59,674.61 | -124,525.50 | 753,300.53 | 1,297,541.35 |
| **Total Income** | 134,098.90 | 64,457.79 | -62,245.06 | 847,037.98 | 1,662,656.02 |
| **Expense** | | | | | |
| american general loan | 250.00 | 0.00 | 0.00 | 3,585.99 | 10,925.69 |
| **Automobile Expense** | | | | | |
| Angelo-F150 Black Truck | 3,032.50 | 0.00 | 0.00 | 0.00 | 15,145.96 |
| Benz-Sharon | 0.00 | 15.00 | 1,874.56 | 11,309.30 | 21,701.68 |
| Ford f-250 service truck | 0.00 | 0.00 | 700.00 | 3,442.69 | 12,133.91 |
| Insurance | -466.41 | 0.00 | -500.00 | 2,203.10 | 1,007.06 |
| Service Truck Payment | 1,520.64 | 0.00 | 860.00 | 1,870.00 | 8,922.49 |
| Automobile Expense - Other | 0.00 | 0.00 | 0.00 | 0.00 | -1,543.16 |
| **Total Automobile Expense** | 4,086.73 | 15.00 | 2,934.56 | 18,825.15 | 57,367.94 |
| Bad Loan | 0.00 | 0.00 | 7,600.00 | 0.00 | 7,600.00 |
| **Bank Service Fee** | | | | | |
| NSF fee | 420.00 | 0.00 | 70.00 | 4,165.00 | 7,037.00 |
| Overdraft fee | 1,006.64 | 0.00 | 908.87 | 4,900.00 | 7,880.51 |
| Bank Service Fee - Other | 264.36 | 75.96 | 205.95 | 2,831.05 | 1,529.19 |
| **Total Bank Service Fee** | 1,691.00 | 75.96 | 1,184.82 | 11,896.05 | 16,446.70 |
| **Building Utilities** | | | | | |
| Cable | 268.00 | 0.00 | 0.00 | 1,870.46 | 2,934.85 |
| Electric | 0.00 | 720.00 | 1,111.88 | 7,537.05 | 11,084.68 |
| Phone Service | 362.15 | 252.01 | 300.00 | 4,399.23 | 2,605.68 |
| Security | 0.00 | 0.00 | 0.00 | 0.00 | 406.26 |
| Water | 186.32 | 0.00 | 0.00 | 1,896.71 | 2,938.36 |
| **Total Building Utilities** | 816.47 | 972.01 | 1,411.88 | 15,703.45 | 19,969.83 |
| CAPIAL ONE | 0.00 | 0.00 | 0.00 | 407.76 | 0.00 |
| Cash Discounts | 0.00 | 0.00 | 0.00 | 0.00 | 18.90 |
| Contributions | 0.00 | 0.00 | 0.00 | 0.00 | 25.00 |
| Countrywide Home Loans | 0.00 | 0.00 | 0.00 | 2,141.41 | 12.00 |
| Court cost | 0.00 | 0.00 | 0.00 | 0.00 | 1,072.80 |
| Credit Card Service fees | 0.00 | 107.06 | 0.00 | 2,302.04 | 567.07 |
| Donation | 0.00 | 0.00 | 0.00 | 138.00 | 50.00 |
| Dues and Subscriptions | 132.19 | 0.00 | 486.14 | 1,173.87 | 2,578.95 |
| Employee Benefit | 0.00 | 0.00 | 0.00 | 74.39 | 0.00 |
| entertainment | 0.00 | 0.00 | 0.00 | 350.30 | 78.00 |
| Equipment Rental | 0.00 | 0.00 | 0.00 | 1,351.61 | 2,868.04 |
| Fuel | 0.00 | 6,356.25 | 0.00 | 47,497.43 | 0.00 |
| **Insurance** | | | | | |
| Health Ins. | 1,190.70 | 0.00 | 0.00 | 4,412.23 | 11,381.92 |
| Work Comp | 0.00 | 1,501.00 | 0.00 | 3,328.00 | 0.00 |
| **Total Insurance** | 1,190.70 | 1,501.00 | 0.00 | 7,740.23 | 11,381.92 |
| **Interest Expense** | | | | | |
| Mortgage | 0.00 | 0.00 | 5,991.80 | 24,809.54 | 62,899.43 |
| **Total Interest Expense** | 0.00 | 0.00 | 5,991.80 | 24,809.54 | 62,899.43 |
| Licenses and Permits | 0.00 | 0.00 | 0.00 | 214.99 | 320.00 |
| Material | 4,036.22 | 1,469.19 | 417.59 | 31,967.30 | 90,996.97 |
| Meals and Entertainment | 94.98 | 1,249.30 | 208.35 | 5,472.25 | 5,101.81 |
| Miscellaneous | 61,962.27 | 0.00 | 45,606.95 | 32,272.50 | 264,785.68 |
| Office Supplies | 106.68 | 103.73 | 253.54 | 4,738.69 | 5,057.32 |
| **Payroll Expenses** | | | | | |
| Brooker | 0.00 | 0.00 | 0.00 | 0.00 | 3,035.94 |
| CHILD SUPPORT | 0.00 | 0.00 | 0.00 | 0.00 | 301.70 |
| Subcontractor | 0.00 | 792.00 | 0.00 | 11,908.06 | 13,898.50 |
| Payroll Expenses - Other | 21,866.25 | 2,552.00 | 19,637.19 | 106,543.03 | 348,802.07 |
| **Total Payroll Expenses** | 21,866.25 | 3,344.00 | 19,637.19 | 118,451.09 | 366,038.21 |
| Postage and Delivery | 219.75 | 0.00 | 191.25 | 356.87 | 793.30 |
| **Professional Development** | | | | | |
| Advertisment | 0.00 | 216.86 | 0.00 | 1,908.09 | 356.13 |
| agency | 0.00 | 5,696.00 | 0.00 | 22,749.88 | 0.00 |
| **Total Professional Development** | 0.00 | 5,912.86 | 0.00 | 24,657.97 | 356.13 |
| **Professional Fees** | | | | | |
| Accounting | 0.00 | 0.00 | 0.00 | 1,600.00 | 0.00 |
| Credit Monitoring | 0.00 | 0.00 | 0.00 | 68.90 | 77.70 |
| Legal Fees | 0.00 | 500.00 | 0.00 | 1,375.00 | 1,060.00 |
| **Total Professional Fees** | 0.00 | 500.00 | 0.00 | 3,043.90 | 1,137.70 |
| Reconcilation Discrepancies | 0.00 | 0.00 | 0.00 | -4,420.49 | 0.00 |
| Rent | 102.21 | 189.42 | 87.21 | 1,146.80 | 890.61 |
| **Repairs** | | | | | |
| **Building Repairs** | | | | | |
| Improvements | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 |
| Maintenence | 69.90 | 1,622.00 | 0.00 | 12,021.72 | 7,653.56 |
| Building Repairs - Other | 0.00 | 0.00 | 199.00 | 782.00 | 866.20 |
| **Total Building Repairs** | 69.90 | 1,622.00 | 199.00 | 12,803.72 | 9,519.76 |
| Janitorial Exp | 0.00 | 0.00 | 0.00 | 0.00 | 120.00 |
| Repairs - Other | 0.00 | 0.00 | 0.00 | 1,755.62 | 500.00 |
| **Total Repairs** | 69.90 | 1,622.00 | 199.00 | 14,559.34 | 10,139.76 |
| Scott Mothershed Loan | 0.00 | 1,800.00 | 0.00 | 1,800.00 | 0.00 |
| Security | 0.00 | 0.00 | 27.88 | 0.00 | 277.88 |
| Shipping | 0.00 | 0.00 | 0.00 | 609.63 | 0.00 |
| Telephone | 612.48 | 245.14 | 0.00 | 2,330.96 | 6,746.72 |
| Travel | 0.00 | 0.00 | 0.00 | 1,976.36 | 0.00 |
| **Trucks** | | | | | |
| Fuel | 20,723.84 | 303.00 | 5,806.24 | 105,433.57 | 385,855.76 |
| Insurance | 4,508.31 | 1,498.30 | 4,008.31 | 15,340.43 | 48,766.44 |
| Job Incidents | 0.00 | 0.00 | 0.00 | 3,500.00 | 1,957.88 |
| Lease Payment | 3,255.90 | 16,372.24 | 0.00 | 133,709.30 | 223,050.28 |
| Maintenance | 0.00 | 2,147.00 | 10,017.46 | 9,485.19 | 15,379.59 |
| Parts and Supplies | 2,238.20 | 9,536.89 | 6,335.15 | 52,550.08 | 61,976.02 |
| Registration | 3,414.97 | 2,502.00 | 0.00 | 36,646.87 | 26,766.05 |
| Tires | 0.00 | 953.84 | 0.00 | 18,129.56 | 28,253.56 |
| Trucks - Other | 0.00 | 0.00 | 0.00 | 0.00 | 1,000.00 |
| **Total Trucks** | 34,141.22 | 33,313.27 | 26,167.16 | 374,795.00 | 793,005.58 |
| Uniforms | 140.00 | 0.00 | 0.00 | 1,355.09 | 3,309.91 |
| **Total Expense** | 131,519.05 | 58,776.19 | 112,405.32 | 753,325.47 | 1,742,769.85 |
| **Net Ordinary Income** | 2,579.85 | 5,681.60 | -174,650.38 | 93,712.51 | -80,113.83 |
| **Other Income/Expense** | | | | | |
| **Other Income** | | | | | |
| Interest Income | 81.36 | 0.00 | 13.91 | 575.00 | 109.18 |
| Other Income | 0.00 | 0.00 | 0.00 | 53.00 | 0.00 |
| **Total Other Income** | 81.36 | 0.00 | 13.91 | 628.00 | 109.18 |
| **Other Expense** | | | | | |
| Other Expenses | 0.00 | 35.00 | 511.88 | 3,998.00 | 996.46 |
| **Total Other Expense** | 0.00 | 35.00 | 511.88 | 3,998.00 | 996.46 |
| **Net Other Income** | 81.36 | -35.00 | -497.97 | -3,370.00 | -887.28 |
| **Net Income** | 2,661.21 | 5,646.60 | -175,148.35 | 90,342.51 | -81,001.11 |